THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUGUSTUS F. WEEKS, Respondent, v. THE BOARD OF SUPERVISORS OF QUEENS COUNTY, Appellants.

*Borrowing money to lay out a road — chapter 323 of 1873 — trustees not required to act as a board — Power of the Legislature to authorize money to be borrowed on the credit of a town.*

Chapter 323 of 1873 providing that, where a proposed road passes through an incorporated village, the consent of a majority of the trustees should be obtained, before the board of supervisors can authorize money to be borrowed on the credit of the town to lay out or improve such road, does not require the trustees to act as a board and by vote, but it is sufficient if a majority of the trustees join in a written request to the board of supervisors, to authorize the loan to be made.

The Legislature may authorize money to be borrowed upon the credit of a town which embraces several villages, to be used in laying out and improving roads, though they do not pass in whole or in part through any of such villages.

APPEAL from a judgment, upon the return to a writ of *certiorari*, setting aside certain proceedings had before the board of supervisors of Queens county, providing for a loan to be raised on the credit of the town of Flushing to improve a road therein, and from an order granting the said writ.

*Downing & Stanbrough*, for the appellants.

*Geo. W. Van Siclen*, for the respondent.

BARNARD, P. J. :

The question presented by this appeal arises under chapter 855 of the Laws of 1869, and the amendments thereto. By section one of this chapter the Legislature extended the power of the boards of supervisors in all the counties of the State, except New York and Kings. Among other powers granted such boards of supervisors was the power to authorize towns to borrow money to build and repair roads and bridges. In 1872 an amendment was passed (chap. 285), adding section nine to the original act, authorizing the board of supervisors of Queens county to authorize the towns therein to borrow money upon the credit of the town " to build, widen, grade, macadamize or repair any road or roads, or to purchase for public use any plankroad, toll road or toll bridges in such town or towns, or to pay any existing debt incur-

red in good faith by or on behalf of such town for such purpose before the passage of this act."

The authority to enable the boards of supervisors to act was provided in the act (sec. 9) to be upon "written applications of the supervisor, town clerk, justices of the peace, and commissioners of highways, or a majority of them of such town, or if more than one town is affected thereby, then of said officers or a majority of them of each of such towns." While this act provided for the contingency of a road extending into more than one town, it was silent as to roads in towns wherein there were incorporated villages in which the powers of the town commissioners of highways were taken away and given to the village trustees. There were such towns in Queens county, and apparently to meet the case the Legislature, by chapter 323, Laws of 1873, provided by amendment that where the proposed road passed through an incorporated village, the consent of a majority of the trustees should also be obtained before the supervisors could grant the power to borrow money for such road. In the case under consideration, the consent of the town officers was obtained. The consent of five out of seven trustees of the village of Flushing was obtained, but it does not appear that the trustees took a vote upon the question. We think that action by the boards of trustees was not required by this amendment. The words are, "majority of the trustees" of the village. A majority of these trustees did sign a written request for authority to make the loan. The road for which the loan was made only passed through the village of Flushing. There are two other incorporated villages, Whitestone and College Point, also situated in and carved out of territory of the town of Flushing. Except for village purposes the territory embraced in the villages still forms part of the town of Flushing. It was within the power of the Legislature to authorize a loan upon a town which included villages, for the purpose of laying and improving a road or roads which did not pass in whole or in part through either of the villages.

The order should be reversed, with costs and disbursements.

Dykman, J., concurred; Gilbert, J., not sitting.

Judgment and order reversed, with costs and disbursements.